UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
                                                             :
NEW YORK CITY DISTRICT COUNCIL OF              :        20 Civ. 00051 (LGS)
CARPENTERS,                                               :
                                       Petitioner,    :        OPINION AND ORDER
                                                             :
            -against-                                    :
                                                             :
TRIED N TRUE INTERIORS LLC,                     :
                                       Respondent.  :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner New York City District Council of Carpenters ("Carpenters") seeks

confirmation of a favorable arbitration award issued December 13, 2019 (the "Award"), pursuant

to Section 301(a) of the Labor Management Relations Act ("LMRA").  Carpenters also seeks

pre-judgment interest and reasonable attorneys' fees and costs associated with this action.

Respondent Tried N True Interiors LLC ("Tried N True") did not appear in this action and did

not oppose Carpenters' Petition to Confirm Arbitration Award ("Petition").  For the following

reasons, the Petition is granted.

## I.     BACKGROUND

The following undisputed facts are derived from the Petition and its exhibits, including

the Award.

The original arbitration award arises out of a collective bargaining agreement ("CBA")

between Carpenters and the Association of Wall-Ceiling & Carpentry Industries of New York.

Tried N True was bound to the CBA at all relevant times.  The CBA provides that "[a]ny

grievance not resolved shall be submitted to arbitration" and that "all disputes between [the

parties], both within and outside the [CBA], shall be submitted to arbitration."  The CBA also

provides that if one party fails to appear at an arbitration hearing, the hearing may proceed in that party's absence, and the arbitrator may render a decision based on the testimony presented at such hearing. Such decision would be "final and binding upon both parties and may be entered as a final decree or judgment . . . in a court of appropriate jurisdiction." The CBA also provides that a prevailing party in a proceeding to confirm an arbitration award would be "entitled to receive all court costs in [that] proceeding as well as reasonable counsel fees."

At issue is Tried N True's failure to comply with two settlement agreements resolving grievances filed by Carpenters and shop steward John Jacobson ("Jacobson"). The grievances relate to violations of the CBA: Tried N True's failures to have an on-site shop steward and to notify Carpenters of jobs at certain sites. A grievance hearing was held on May 23, 2018, where Tried N True executed two settlement agreements: (1) an agreement among Tried N True, Jacobson and Carpenters, requiring Tried N True to pay Jacobson 21 hours of wages and benefit fund contributions, representing the hours he should have been employed at a certain job site; and (2) an agreement between Tried N True and Carpenters, requiring Tried N True to pay Carpenters the equivalent of 21 hours of wages and benefit fund contributions at the rate of an apprentice, representing lost hours of employment resulting from Tried N True's failure to notify Carpenters of certain jobs (the "Settlement Agreements"). The Settlement Agreements required Tried N True to pay the parties within seven days of signing, and provide that, if Tried N True failed to timely pay, it would be liable for "all reasonable attorneys' fees, disbursements, arbitrator fees, and/or court costs associated with enforcing the terms of the agreement, along with interest at the NY statutory rate of 9% from the date payment was due to the date payment is made."

After Tried N True's failure to make the Settlement Agreements' agreed-upon payments, Carpenters served Tried N True with a Notice of Intent to Arbitrate dated August 12, 2019, informing Tried N True that a hearing was scheduled for November 5, 2019. The notice was sent via United States Postal Service Certified Mail. The arbitration hearing was held on November 5, 2019, and no representative of Tried N True appeared. Based on the testimony and evidence provided by Carpenters, the arbitrator found that Tried N True had violated the Settlement Agreements by failing to comply with their terms. On December 13, 2019, the arbitrator issued the Award in favor of Carpenters and ordered Tried N True to honor the terms of the Settlement Agreements and pay (1) $1,238.15 to Jacobson, (2) $1,106.26 to the NYC District Council of Carpenters Benefit Funds ("Funds") on behalf of Jacobson, and (3) $2,158.89 to Carpenters. These amounts are the same agreed-upon settlement amounts, plus interest -- calculated at the rate of nine percent per annum from the day after the payments were due to the date of arbitration -- and Carpenters' attorneys' fees for the arbitration hearing. The Award also includes $1,000 in arbitration fees for a total damage amount of $5,503.30.

On January 3, 2020, Carpenters commenced this action to enforce the Award pursuant to the LMRA. Tried N True was served with a Summons and Petition on January 21, 2020, and proof of service was filed with the Court on February 14, 2020. Tried N True has neither appeared nor responded to Petitioner's Summons and Petition.

## II. DISCUSSION

### A. Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017)

(quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Stop & Work Construction, Inc.*, No. 17 Civ. 5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constrs., L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537 (citation and internal quotations omitted). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Id.* at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

Carpenters has shown that there is no material issue of fact in dispute, and summary judgment is warranted. The CBA provides for arbitration as a means of addressing grievances and empowers the arbitrator "to render a decision based on the testimony before him" on "all disputes between [the parties], both within and outside of the [CBA]." The dispute at issue -- Tried N True's violations of the Settlement Agreements -- "draws its essence from the collective bargaining agreement," *Nat'l Football League*, 820 F.3d at 537, as the Settlement Agreements resolve claims for lost wages and benefits arising out of Tried N True's violations of the CBA. Thus, the arbitrator acted within the scope of his authority under the CBA when he found that Tried N True violated each of the Settlement Agreements.

The arbitrator's determination that Tried N True "violated [the Settlement Agreements] . . . when it failed to pay the agreed monetary amounts," and the arbitrator's award of the same amounts, are supported by more than a "barely colorable justification." *Landy Michaels*, 954 F.2d at 797. The Award's inclusion of pre-judgment interest to the date of the arbitration hearing, attorneys' fees and costs associated with the hearing and the arbitrator's fees is supported by the Settlement Agreements, which specified Tried N True would be liable for such additional amounts upon failure to fulfill its obligations. "If the arbitrator acts within the scope of [its] authority, the remedy for a dissatisfied party is not judicial intervention." *Nat'l Football League*, 820 F.3d at 537 (internal quotation marks omitted). Accordingly, the Award is confirmed.

### B. Attorneys' Fees and Costs

In addition to the fees included in the Award, Carpenters also requests attorneys' fees and costs associated with this action. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union, Local*

*No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16. Civ. 6004, 2016 WL 7335672, at \*3 (S.D.N.Y. Dec. 16, 2016). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Capital Grp. L.L.C. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017). "As applied to suits for the confirmation and enforcement of arbitration awards . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *See Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks and citation omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co., Inc.*, No. 16 Civ. 6608, 2017 WL 1967743, at \*4 (S.D.N.Y. May 11, 2017).

Here, Tried N True signed the CBA (which provided for arbitration), failed to participate in the arbitration after receiving notice of the hearing, failed to satisfy the Award and failed to oppose the Petition. As Tried N True has failed to justify its refusal to abide by the arbitrator's decision, Carpenters therefore should be awarded reasonable attorneys' fees and costs. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at \*3–4. Carpenters is also entitled to recover such fees and costs pursuant to the agreements at issue: the CBA provides, "[u]pon the confirmation of the arbitrator's award, the prevailing party shall, or on any appeal therefrom, be entitled to receive all court costs in each proceeding as well as reasonable counsel fees"; and the Settlement Agreements state that Tried N True would be liable for "all reasonable attorneys' fees, disbursements, arbitrator fees, and/or court costs associated with enforcing the terms of the agreement."

However, Carpenters has not provided any materials documenting such fees and costs, allowing for an assessment of whether the requested fees are reasonable. If Carpenters intends to

seek recovery for these fees and costs, it is directed to submit an application within twenty-one (21) days of the date of this Opinion & Order.  Such application should be supported by timesheets showing hours worked, tasks performed, hourly billing rate, and background information about the attorneys who worked on the case.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749, 2012 WL 3578849, at \*5 (S.D.N.Y. Aug. 20, 2012) ("To recover attorneys' fees, a party 'must document the application with contemporaneous time records' that show 'for each attorney, the date, the hours expended, and the nature of the work done.'") (internal citations omitted).

### C.      Interest

Carpenters also requests interest of nine percent per annum on the Award accruing from December 23, 2019, ten days after the date of the Award, to the date of judgment.  This request is approved.

The Second Circuit has "repeatedly recognized the power of district courts to award pre-judgment interest."  *Bhd. of Locomotive Eng'rs & Trainmen v. Long Island R.R. Co.*, 340 F.App'x 727, 730 (2d Cir. 2009) (internal quotation marks omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Tried N True Interiors LLC*, No. 19 Civ. 2083, 2019 WL 2327524, at \*3 (S.D.N.Y. May 31, 2019) ("[I]n the context of actions to confirm arbitral awards there is a presumption in favor of prejudgment interest.") (internal quotation marks omitted).  In awarding pre-judgment interest, four factors are considered: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court."  *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 55 (2d Cir. 2009); *accord Frommert v. Conkright*, 913 F.3d 101, 109 (2d Cir.

2019).  These factors weigh in Carpenters' favor because of the "time value of money, and the

benefit that [Carpenters] could have derived from" its due payments "had the funds been issued

at the appropriate time and invested during the pendency of [this] proceeding."  *Cohen v. Life*

*Ins. Co. of North Am.*, No. 17 Civ. 9270, 2019 WL 1785095, at \*4 (S.D.N.Y. April 24, 2019);

*accord SEIU, Local 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL

120998, at \*3 (S.D.N.Y. Jan. 4, 2019) (awarding interest in an LMRA action).

The interest rate of nine percent is approved because "the same considerations that

inform the court's decision whether or not to award interest at all should inform the court's

choice of interest rate."  *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000).

While the "LMRA is silent with respect to interest rate, 'the common practice among courts

within the Second Circuit is to grant interest at a rate of nine percent per annum -- which is the

rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001–5004 -- from the

time of the award to the date of the judgment confirming the award.'"  *SEIU, Local 32BJ*, 2019

WL 120998, at \*4 (quoting *Salus Capital Partners, LLC v. Moser*, 289 F. Supp. 3d 468, 483

(S.D.N.Y. 2018)); *accord Riverbay Corp. v. Serv. Emps. Int'l Union Local 32BJ*, No. 18 Civ.

4660, 2019 WL 1244568, at \*6 (S.D.N.Y., March 18, 2019).  Here too, nine percent was the rate

of pre-judgment interest under New York law at the relevant time.  N.Y. C.P.L.R. §§ 5001–5004.

Petitioner is accordingly awarded interest at a rate of nine percent per annum from the date of the

arbitrator's decision to the date of the judgment.

Although not explicitly requested, post-judgment interest is also awarded.  "Pursuant to

28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as

of the date judgment is entered.'"  *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l*

*Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original) (quoting *Lewis v. Whelan*, 99

F.3d 542, 545 (2d Cir. 1996)). Section 1961 applies to actions to confirm arbitration. *See, e.g.,* *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). In addition to pre-judgment interest, Carpenters is awarded interest -- at the statutory rate prescribed by 28 U.S.C. § 1961 -- accruing from the date judgment is entered until payment is made.

## III.   CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment granting the Petition dated January 3, 2020. Carpenters is entitled to a total of $5,503.30 under the Award,[1] pre-judgment interest at the rate of nine percent per annum from December 23, 2019 through the entry of judgment, and post-judgment interest, calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

SO ORDERED.

Dated: April 9, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] The total award includes $1,238.15 in unpaid wages, payable to Jacobson, and $1,106.26 in benefit contributions, payable to the Funds on behalf of Jacobson.