UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
                                                             :
NEW YORK CITY DISTRICT COUNCIL OF                            :    20 Civ. 51 (LGS)
CARPENTERS,                                                  :
                                           Petitioner,       :    ORDER
                                                             :
                      -against-                              :
                                                             :
TRIED N TRUE INTERIORS LLC,                                  :
                                          Respondent.        :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Petitioner New York City District Council of Carpenters ("Carpenters") sought confirmation of a favorable arbitration award issued December 13, 2019, (the "Award"), pursuant to Section 301(a) of the Labor Management Relations Act.  Respondent Tried N True Interiors LLC ("Tried N True") did not appear in this action and did not oppose Carpenters' Petition to Confirm Arbitration Award (the "Petition").  By Opinion and Order dated April 8, 2020, judgment entered granting Carpenters' Petition (Dkt. No. 8);

      WHEREAS, in addition to the fees included in the Award, the Opinion and Order held that Carpenters is entitled to reasonable attorneys' fees and costs pursuant to the agreements at issue: the collective bargaining agreement between Carpenters and Tried N True provides, "[u]pon the confirmation of the arbitrator's award, the prevailing party shall, or on any appeal therefrom, be entitled to receive all court costs in each proceeding as well as reasonable counsel fees"; and the settlement agreements resolving grievances filed by Carpenters and shop steward John Jacobson state that Tried N True would be liable for "all reasonable attorneys' fees, disbursements, arbitrator fees, and/or court costs associated with enforcing the terms of the agreement.";

WHEREAS, Carpenters did not provide materials documenting attorneys' fees and costs along with the Petition, allowing for an assessment of whether its requested attorneys' fees of $690 and costs of $597 were reasonable, and Carpenters was directed to submit an application, supported by timesheets showing hours worked, tasks performed, hourly billing rate and background information about the attorneys who worked on the case, within twenty-one (21) days of the date of the Opinion & Order.  Carpenters timely submitted an application on April 10, 2020, (Dkt. No. 9), which was served on Tried N True (Dkt. No. 11).  Tried N True was provided an opportunity to file an opposition by May 7, 2020, (Dkt. No. 14) and none was filed;

WHEREAS, "the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a 'presumptively reasonable fee.'"  *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *accord New York City Dist. Council of Carpenters v. Galt Installations LLC*, 18 Civ. 7103, 2020 WL 2836480, at *5 (S.D.N.Y. May 29, 2020).  "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019) (quoting *Arbor Hill*, 522 F.3d at 190) (quotation marks omitted).

WHEREAS, Carpenters' counsel worked 2.3 hours on the Petition at a rate of $300.00 per hour.  In support of its request for attorneys' fees, Petitioner submitted contemporaneous timesheets, background information about the attorney who worked on the case and the customary rates set by the billing arrangement between Carpenters and its counsel, which, effective July 1, 2018, is $300.00 per hour;

WHEREAS, in support of its request for costs, Petitioner submitted invoices reflecting that Petitioner paid $400.00 for filing fees and $197.00 for service fees, including costs incurred by attempting personal service on Respondent and on the New York Secretary of State.  It is hereby

**ORDERED** that on review of the contemporaneous time records, background information and supporting documentation for costs, the amounts requested are reasonable. *See New York City Dist. Council of Carpenters*, 2020 WL 2836480, at *6 (applying the lodestar method and finding reasonable 4.8 hours of attorney work at a rate of $300.00 per hour and 0.1 hour of attorney work at a rate of $250 per hour, plus $650.00 in costs for a petition to confirm arbitration award filed by Carpenters).  Petitioner's request for attorneys' fees in the amount of $690 and costs of $597 is granted.

The Clerk of Court is respectfully directed to close Docket No. 9.

Dated: July 6, 2020
New York, New York

                                                  **LORNA G. SCHOFIELD**
                                               **UNITED STATES DISTRICT JUDGE**